IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**
MAR 21 2019
CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

In re: : Case No.: 17-22147-GLT
: Chapter: 7
Ronald S. Jones :
:
: Date: 3/21/2019
Debtor(s). : Time: 10:00

## PROCEEDING MEMO

MATTER:   #73 - Motion for Relief from Stay Filed by Toyota Motor Credit Corporation
#82 Response filed by Debtor

APPEARANCES:
  Debtor:   Aurelius P. Robleto
  Toyota:   James Warmbrodt
  Also present:  Dr. Ronald Jones

NOTES:

Warmbrodt: The debtor is attempting to renegotiate the contract to extend for an indeterminate amount of time in thirty day increments. The lease was to only extend for four years and has already expired. We do not wish to renegotiate the lease or enter into a new one.

Robleto: The debtor and his wife have both been unable to obtain a replacement vehicle or lease. I do not view this as a renegotiation, but more akin to adequate protection which compensates the owner and keeps the vehicle insured. The thirty day component only is in place to allow the vehicle to be returned once a new one is obtained. Both vehicles are leased by both husband and wife, and the wife is not a debtor in this case.

Court: Is this partially attributable to the fact that the debtor has not received his discharge order yet?

Robleto: Yes.

Court: What if the debtor were to be granted his discharge subject to the caveat that the discharge would not apply to any determination of the Patak adversary proceeding? This appears to be a matter that should be resolved between the debtor and the lender, not by the bankruptcy court.

Robleto: We would be open to that. If the Court enters an order granting relief from stay, we would ask for 60 days to obtain another vehicle or financing.

Court: The Court is in no position to impose terms on the conduct of the parties with respect to their collateral.

Warmbrodt: I would still ask that relief from stay be granted even if the discharge is granted.

OUTCOME:

1. An order granting the debtor a discharge shall issue, except that nothing therein shall be understood as a discharge of the claims of Terri Patak, which shall not be discharged pending final resolution of the 523(a) adversary proceeding. For the avoidance of doubt, this Court retains jurisdiction over the Patak adversary at Case No. 17-02222 (DB to prepare).

2. The Motion for Relief from Stay [Dkt. No. 73] is denied as moot (Text order to issue).

DATED: 3/21/2019