FILED
3/22/19 8:21 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 17-22147-GLT |
| RONALD S. JONES, | Chapter 7 |
| *Debtor.* | |
| TOYOTA LEASE TRUST, | Related to Dkt. No. 73 |
| *Movant,* | |
| v. | |
| RONALD S. JONES and ROBERT SHEARER, TRUSTEE, | |
| *Respondents.* | |

## ORDER

The matter presently before the Court is the *Motion for Relief from the Automatic Stay* [Dkt. No. 73] ("Motion") filed by Toyota Lease Trust ("Toyota") on February 15, 2019. The *Motion* seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) so that Toyota may pursue its remedies with respect to a 2015 Lexus ES350 that it leased to the debtor. At a hearing on the *Motion* held on March 21, 2019, the Court noted that the entry of an order discharging the debtor would allow the parties to resolve their conflict outside of the bankruptcy process, thereby mooting the relief sought by the *Motion*. In so observing, the Court took care to indicate that such a discharge order would not operate as a discharge of any pending disputed claims, specifically contemplating the adversary proceeding between the debtor and Terri Patak.[1]

---

[1] Adv. No. 17-0222.

At the time of the hearing, the Court was under the mistaken recollection that the adversary proceeding sought relief solely under 11 U.S.C. § 523. The Court later recognized that, in addition to the counts seeking relief under § 523, the adversary complaint seeks additional relief under 11 U.S.C. § 727. The entry of a general discharge in the debtor's bankruptcy case would, therefore, be wholly inappropriate pending any resolution of a § 727 action. Recognizing this change of circumstances, the Bankruptcy Code and the interests of justice require that the Court deviate from its comments at the hearing and instead issue the present *Order*.

Based on the foregoing, it is hereby **ORDERED, ADJUDGED,** and **DECREED,** that:

1. The *Motion* at Dkt. No. 73 is **DENIED** as moot. The debtor commenced this case on May 22, 2017. Pursuant to 11 U.S.C. § 365(d)(1), the chapter 7 trustee had 60 days to assume or reject the lease with Toyota, unless otherwise extended. Once a lease is rejected or the time for assumption has lapsed, 11 U.S.C. § 365(p)(1) provides that "the leased property is no longer property of the estate and the stay under § 362(a) is automatically terminated."

Upon review of the docket, the Court finds that the chapter 7 trustee did not timely assume the lease (nor obtain an extension of any such deadlines), thereby causing the debtor's lease with Toyota to be rejected by operation of law by September 2017. As the stay under 11 U.S.C. § 362 is no longer in effect with respect to the lease of the 2015 Lexus ES350, Toyota's request for relief is moot.

Dated: March 21, 2019

GREGORY L. TADDONIO
UNITED STATES BANKRUTPCY JUDGE

Case Administrator to Mail To:
Debtor
Aurelius Robleto, Esq.

James Warmbrodt, Esq.
Robert Shearer, Esq.
Office of the U.S. Trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Ronald S. Jones  
    Debtor

Case No. 17-22147-GLT  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0315-2    User: mgut    Page 1 of 1    Date Rcvd: Mar 22, 2019  
                              Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 24, 2019.  
db           +Ronald S. Jones,    3307 Waterford Drive,    Pittsburgh, PA 15238-1151

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 24, 2019                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 22, 2019 at the address(es) listed below:

        Aurelius P. Robleto    on behalf of Defendant Ronald S. Jones apr@robletolaw.com, rmk@robletolaw.com,ecf_admin@robletolaw.com,apr@ecf.courtdrive.com  
        Aurelius P. Robleto    on behalf of Debtor Ronald S. Jones apr@robletolaw.com,  rmk@robletolaw.com, ecf_admin@robletolaw.com,apr@ecf.courtdrive.com  
        James  Warmbrodt    on behalf of Creditor   Toyota Motor Credit Corporation, as servicer for Toyota Lease Trust bkgroup@kmllawgroup.com  
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
        Peter J. Ashcroft    on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com  
        Robert  Shearer    information@robertshearer.com,   rshearer@ecf.axosfs.com;rspclaw@gmail.com  
        Robert  Shearer    on behalf of Trustee Robert   Shearer information@robertshearer.com, g33605@notify.cincompass.com  
        Samuel R. Grego    on behalf of Creditor Terri  Patak gregos@dmclaw.com  
        Samuel R. Grego    on behalf of Plaintiff Terri  Patak gregos@dmclaw.com  
        Samuel R. Grego    on behalf of Spec. Counsel Samuel R. Grego gregos@dmclaw.com  
                                                                         TOTAL: 10