FILED
3/3/22 4:56 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 17-22147-GLT |
| | : | Chapter: | 11 |
| Ronald S. Jones | : | | |
| | : | | |
| | : | Date: 3-2 | |
| *Debtor(s).* | : | Time: | |
| | | 11am | |

## PROCEEDING MEMO

-

**MATTER:**    #168 - Hearing on Disclosure Statement dated 1/17/2022
           [Objections due 2/18/2022]
      #182 - Objection filed by Freedom Mortgage Co.
      #184 - Objection To Confirmation of Plan filed by
           Attorney Robleto Law PLLC
      #185 - Objection to Disclosure Statement by US
           Trustee

**APPEARANCES:**

|  |  |
|---|---|
| Debtor: | Donald R. Calaiaro, Ronald Jones |
| Freedom: | No Appearance |
| US Trustee: | Jodi Hause |
| Chapter 7 Trustee: | Samuel Grego, Terri Patak |
| Robleto Kuruce: | Aurelius Robleto |

**NOTES:** [11:00 a.m.]

Calaiaro: I did not file a certificate of notice. I can make a technical modification to cure the Disclosure Statement and address Mr. Robleto's objection. I only ask that I have a short time to amend the Disclosure Statement.

Robleto: There have been no objections to our administrative claim for past representation of this Debtor. As it stands now, the Disclosure Statement details an infeasible plan that cannot be approved.

Hause: The objection I filed highlighted certain exhibits that have not been filed. That has since changed. There needs to be a full feasibility analysis.

Calaiaro: I have no problem with amending the schedules for illustrative purposes. I will file amendments to schedules I and J.

Court: Where are you on preparing and filing the monthly operating reports.

Calaiaro: Mr. Jones is working on them. Can I suggest that we start the reports going back 3 months?

Court: I think the reports should go from October 1, 2021 to present.

Calaiaro: I will ask for 2 weeks to complete that.

Hause: We still have not received bank account records. We are seeking records that go back 3 months before the conversion date.

Court: That information can be included when the MORs are filed. I will go ahead and move into the substantive issues of the Disclosure Statement. First, what is the justification for providing seemingly preferential treatment to Ms. Patak?

Calaiaro: In our view, she had a nondischargeable claim

Court: But that's the case with all of the creditors under the 727 judgment. The problem is that the unsecured creditors are facing a more substantial risk with Ms. Patak.

Calaiaro: The problem I have is that the treatment of Ms. Patak was part of the agreement for conversion. I am hamstrung by the past agreements that have conceivably been approved by the Court.

Court: I did not approve the details of the plan in the conversion order.; however, your point about the unsecured creditors being in a better position than under chapter 7 may be true if the plan is completed.

Calaiaro: Part of the terms of this plan effectively vacate the nondischarablility ruling. If we did an equity analysis today, Ms. Patak would practically be in the same position as the other unsecureds.

Court: You also mentioned that the Debtor had leases with Toyota that have since expired. What is the Debtor's arrangement for transportation?

Calaiaro: I believe there are new contracts that have been signed by Mr. Jones' wife.

Court: What happens in the event of default under this arrangement?

Calaiaro: If there is a default, Ms. Patak's interest rate goes to a penalty rate.

Court: Nothing in here is trying to alter Act 6 protections though, correct?

Calaiaro: No, but I think Act 91 is the relevant statute.

Court: I think there are some adjustments that need to be made. The Debtor will need to file a new disclosure statement by April 4. I also expect the MORs, schedules, and bank records to be filed by March 18, 2022.

**_OUTCOME:_**

1. The *Hearing on Disclosure Statement dated 1/17/2022* [Dkt. No. 168] is CONCLUDED. [Text Order]

2. On or before March 18, 2022, the Debtor shall file amended schedules, and all monthly operating reports for the period of October 2021 through February 2022 (as well as any corresponding bank statements). On or before April 4, 2022, the Debtor shall file an amended disclosure statement. [Chambers to Issue]

**DATED:**