FILED
11/18/22 3:46 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| RONALD S. JONES, | ) Bank. No. 17-22147 GLT |
| | ) |
| Debtor | ) Chapter 11 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Movant, | ) |
| vs. | ) Related to Docket No. 257 |
| | ) |
| RONALD S. JONES, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**STIPULATION AND AGREED ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between Ronald S. Jones, Debtor, as represented by counsel, Donald Calaiaro, and the United States of America, as represented by Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Jill Locnikar, Assistant U.S. Attorney, as follows:

1. The Internal Revenue Service has a pre-petition claim against the Debtor in the amount of $40,849.47, which consists of an unsecured priority claim in the amount of $33,226.25 and a general unsecured claim in the amount of $7,623.22.

2. The Debtor will pay the IRS priority claim, together with interest at the rate of 6 percent per year in 60 monthly installments of $642.36. The first such installment shall be due on the first day of the month following the effective date of the plan, and the remaining installments shall be due on the first day of each month thereafter until the priority claim is paid in full with interest.

2

3. The Debtor will pay the IRS administrative claim in the estimated amount of $17,377.10 by the effective date of the plan. The parties agree that the IRS may need to amend its claim once the Debtor's 2021 Form 1040 tax return has been processed. If the IRS amends its claim, the IRS will notify the Debtor of any outstanding amounts owed. If there is an overpayment after the 2021 return has processed, the refund will be applied to the confirmed plan.

4. The IRS will share pro rata with other general unsecured creditors in payment of its general unsecured claim.

5. To the extent that any federal tax liens attached to any property owned by the Debtor as of the date of the filing of the petition in this case, such property shall remain subject to such federal tax liens until such time as the amount of such liens has been fully satisfied. In order to protect its priority position against postconfirmation creditors, the Internal Revenue Service will file notices of federal tax lien following confirmation of the plan of reorganization for all unsecured priority periods for which there are liabilities.

6. Unless the Internal Revenue Service notifies the Debtor otherwise, all payments required under this stipulation shall be made to the Internal Revenue Service, to the attention of the Chief, Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

7. Any refunds or credits to which the Debtor may become entitled at any time before the liabilities to be repaid pursuant to this stipulation are fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the Debtor prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to: Internal Revenue Service, Attention: Chief,

Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

8. To the extent that there are nondischargeable tax debts in this case, the Debtor shall remain liable following the end of the bankruptcy case for any unpaid postpetition interest and penalties under Bruning v. United States, 376 U.S. 358 (1964).

9. No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the debtor completes payment in accordance with this stipulation. Any federal tax liabilities for prepetition periods, which are determined by audits completed postpetition are not discharged on confirmation, but will be due and payable as if this bankruptcy had not occurred.

10. The period allowed the IRS under 26 U.S.C. § 6502(a) to collect the assessed taxes, penalties, interest and other additions and accruals thereon, which are still owed by the Debtor after the plan effective date for the periods specified in the allowed claims of the IRS, shall be suspended for the period of time that the debt to the IRS is to be paid under the plan (as revised by this stipulation), unless and until a substantial default of these plan payments shall occur, and for six months thereafter, in accordance with 26 U.S.C. § 6503(h)(2). A substantial default of plan payments shall have occurred under this stipulation when a payment to the IRS required by the plan as it incorporates this stipulation, has not been made, the IRS has provided the Debtor with a written notice of default, and the Debtor fails to cure the default within 30 days of the date on the written notice.

11. In the event that the Debtor fails to make any of the payments required under this stipulation **or** fails to comply with any of its postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and

4

postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the Debtor's assets, including any exempt property. Notwithstanding the foregoing, the Debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the Debtor. Further, the IRS is not bound by any default provisions of the plan.

12. Should the Debtor file another bankruptcy petition before completing the terms of this stipulation, this stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they have in this case.

13.   This stipulation and agreement shall be deemed incorporated in the plan of reorganization and supersedes it where inconsistent with it.

        Respectfully submitted,

        CINDY K. CHUNG
        UNITED STATES ATTORNEY


        BY:  */s/ Jill Locnikar*
        JILL LOCNIKAR
        Assistant United States Attorney
        Joseph F. Weis, Jr. United States Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        Tel: (412) 894-7429
        Fax: (412) 644-4549
        Email: jill.locnikar@usdoj.gov
        PA ID No. 85892
        Counsel for the United States


*/s/ Donald R. Calaiaro*
Donald R. Calaiaro
938 Penn Avenue, Suite 501
Pittsburgh, PA  15222
412-232-0930
dcalaiaro@c-vlaw.com
Counsel for Debtor


DATED:  November 9, 2022


        IT IS SO ORDERED.

        _____
        Gregory L. Taddonio, Chief Judge
        United States Bankruptcy Court

        DATED:  November 18, 2022

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 17-22147-GLT |
| Ronald S. Jones | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Nov 18, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 20, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Ronald S. Jones, 3307 Waterford Drive, Pittsburgh, PA 15238-1151 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 20, 2022         Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 18, 2022 at the address(es) listed below:

**Name** **Email Address**

Andrew Kevin Pratt
   on behalf of Debtor Ronald S. Jones apratt@c-vlaw.com
   kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;akpratt.ecf@outlook.com

Aurelius P. Robleto
   on behalf of Attorney Robleto Law PLLC apr@robletolaw.com,
   rmk@robletolaw.com,ecf_admin@robletolaw.com,apr@ecf.courtdrive.com,G16422@notify.cincompass.com

Brian Nicholas
   on behalf of Creditor Toyota Motor Credit Corporation as servicer for Toyota Lease Trust bnicholas@kmllawgroup.com

Donald R. Calaiaro
   on behalf of Defendant Ronald S. Jones dcalaiaro@c-vlaw.com
   kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com

Donald R. Calaiaro

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 2 of 2 |
| Date Rcvd: Nov 18, 2022 | Form ID: pdf900 | Total Noticed: 1 |

on behalf of Debtor Ronald S. Jones dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com

Donald R. Calaiaro

on behalf of Defendant Grace M. Betancourt-Jones dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com

Glenn R. Bartifay

on behalf of Defendant Ronald S. Jones gbartifay@bartifaylaw.com sfallat@bartifaylaw.com;gbartifay@yahoo.com

Jill Locnikar

on behalf of Creditor United States of America Department of the Treasury Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov

Jodi Hause

on behalf of U.S. Trustee Office of the United States Trustee jodi.hause@usdoj.gov David.A.Berry@usdoj.GOV;Steven.W.Albright@usdoj.GOV

Judith K. Fitzgerald

on behalf of Mediator Judith K. Fitzgerald jfitzgerald@tuckerlaw.com judge_judith_fitzgerald@yahoo.com,jrusnack@tuckerlaw.com

Mario J. Hanyon

on behalf of Creditor Freedom Mortgage Corporation wbecf@brockandscott.com mario.hanyon@brockandscott.com

Office of the United States Trustee

ustpregion03.pi.ecf@usdoj.gov

Peter J. Ashcroft

on behalf of Creditor Duquesne Light Company pashcroft@bernsteinlaw.com ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com

Robert Shearer

on behalf of Trustee Robert Shearer information@robertshearer.com g33605@notify.cincompass.com

Robert Shearer

on behalf of Plaintiff Robert Shearer information@robertshearer.com g33605@notify.cincompass.com

Robert P. Wendt

on behalf of Creditor Freedom Mortgage Corporation pawb@fedphe.com

Samuel R. Grego

on behalf of Plaintiff Robert Shearer gregos@dmclaw.com rmccartney@dmclaw.com

Samuel R. Grego

on behalf of Creditor Terri Patak gregos@dmclaw.com rmccartney@dmclaw.com

Samuel R. Grego

on behalf of Plaintiff Terri Patak gregos@dmclaw.com rmccartney@dmclaw.com

Samuel R. Grego

on behalf of Spec. Counsel Samuel R. Grego gregos@dmclaw.com rmccartney@dmclaw.com

Samuel R. Grego

on behalf of Trustee Robert Shearer gregos@dmclaw.com rmccartney@dmclaw.com

Thomas Song

on behalf of Creditor Freedom Mortgage Corporation pawb@fedphe.com

TOTAL: 22